Memorandum Decisions.

J. M. PIAZZEK V. GEORGE HARMAN.

No. 15,691.  (98 Pac. 771.)

J. M. PIAZZEK V. ZIMMERMAN LIGHT AND POWER COM-
PANY, *a Partnership, etc.*

No. 15,692.

Error from Jefferson district court; MARSHALL GEP-HART, judge.  Opinion filed December 12, 1908.  Affirmed.

*Morse & Keeler,* and *L. A. Myers,* for plaintiff in error.

*H. B. Schaeffer,* for defendants in error.

*Per Curiam:* Under the lease involved in these cases the lessor was entitled to all the improvements added to the leased property unless the lessees exercised their option to purchase. Purchase under the option meant cash on one side and a warranty deed on the other.  In both cases the substantial question was, How did it come about that the lessees did not acquire the leased property when the lease expired?

In the first case the matter of tender was made prominent. Tender would have put the lessor in default.  It is elementary, however, that declared inability to perform by the party having the right to insist upon a tender, or conduct on his part indicating that tender would be unavailing, excuses the formality. The law was properly stated to the jury, and there is ample evidence upon which to rest a finding that the conduct of the lessor did preclude a tender.

In the second case the controverted question was submitted to the jury as one of an offer to purchase, coupled with ability to do so on one side and a refusal to sell on the other.  The instruction given was warranted by the evidence, was sufficiently extensive to cover the rights of the parties, and was correct as a statement of the law.

The defendant took the position, both before and after the suits were commenced, that the improvements and other personal property in his possession belonged to him by virtue of the terms of the lease, that the plaintiffs had no right to any of the articles in controversy, and that he was under no liability to the plaintiffs respecting them.  Therefore no demand was necessary to put him in the wrong.  Holding possession under such claim, when in fact the defendant had no right which the law would recognize, furnished sufficient ground for actions for conversion.

The evidence in the first case was ample to sustain the plaintiff's title without the assertions of the ultimate fact of ownership made by himself and his partner, and no objection was interposed to those assertions.

The judgment in each case is affirmed.