No. 31,139

MYRTLE BESSIE HILL, *Appellee,* v. THE CITIZENS NATIONAL BANK OF EMPORIA, *Appellant,*

and

ROY H. GARRIOTT and PEARL GARRIOTT, *Appellees,* v. THE CITIZENS NATIONAL BANK OF EMPORIA, *Appellant.*

(29 P. 2d 1075.)

Opinion filed March 10, 1934.

*W. C. Harris* and *W. L. Harris,* both of Emporia, for the appellant.
*Owen S. Samuel* and *S. S. Spencer,* both of Emporia, for the appellees.

The opinion of the court was delivered by

SMITH, J.: These were actions to recover damages for the unlawful conversion of live stock. Judgment was for the plaintiff in each case. Defendant appeals.

W. W. Hill had borrowed about $20,000 from defendant bank. To secure this indebtedness he had given two notes and a chattel mortgage on several hundred head of sheep and sundry mules and cattle. When he shipped the sheep to market the proceeds were credited on his notes. This lacked about $10,000 of being enough to pay off.

The bank brought suit to collect the balance and to foreclose its chattel mortgage. Judgment was obtained and was not paid. The

bank brought a replevin action to obtain possession of all the chattels except the lambs that had been shipped. Hill answered in the replevin case and pleaded payment of the indebtedness described, alleging a demand that the mortgage be released and claiming damages for failure to do so. Judgment in that case was given for the bank.

Following this judgment the court issued its order to the sheriff to possess the chattels in question. Acting under this order the sheriff did seize certain sheep, mules and cattle. These chattels were sold at public auction by the bank and the proceeds applied to Hill's indebtedness.

Myrtle Bessie Hill, the plaintiff in one of these suits, is the wife of W. W. Hill. Roy Garriott, one of the plaintiffs in the other suit, is the husband of Pearl Garriott, who is the daughter of Mrs. Hill by a former marriage. All of these people at the time of the transactions we are discussing were living on the farm occupied by W. W. Hill.

Myrtle Hill and the Garriotts each brought an action against the bank claiming that the sheep, mules and stock taken by the sheriff in pursuance of the order in the replevin action were not the chattels covered by the chattel mortgage but were their own property.

The bank answered in each case with a general denial, setting up the proceedings in the replevin case. The cases were submitted and tried to a jury upon these issues. The jury found for the plaintiffs in each case. Judgment was rendered accordingly. It is from those judgments that this appeal is taken.

The defendant makes a vigorous argument that the verdict and judgment are not sustained by the evidence.

The plaintiffs in each case took the stand and testified as to the manner in which they acquired the stock in question. Defendant put an employee of the bank on the stand and he testified about a visit he had made to the farm to check up on the stock covered by the mortgage and that the stock taken by the sheriff was so covered.

Defendant points out conflicting statements that had been made by the witnesses for plaintiffs. The financial condition of plaintiffs is pointed out and it is argued that it was out of the question to believe they could have actually acquired this stock in good faith.

The trouble is that these circumstances were all brought out on the examination of the witnesses and the jury and trial court evidently believed plaintiffs' witnesses. The argument of counsel on this point is addressed more to the question of the credibility of

the witnesses for plaintiffs than to the question of whether there was any evidence.

This court has held many times that it will not weigh conflicting evidence on appeal. (See *Dimmock v. Ploeger,* 125 Kan. 461, 264 Pac. 1044; also, *Cox v. Gibson,* 125 Kan. 76, 262 Pac. 1030.)

Defendant next complains of misconduct of counsel for plaintiffs. The misconduct of which defendant complains occurred during the closing argument. In this argument counsel alluded to the fact that Mrs. Hill had worked hard all her life and had not sat around and held her hands. Counsel for defendant points out that this argument was directed especially to a certain lady member of the jury, personally, and was prejudicial. Objection was made to these statements at the time and the court instructed the jury that they should be guided solely by the evidence.

The jury found in answer to the special questions that there was no malice on the part of the bank. We have concluded that there was nothing prejudicial in the conduct of counsel.

Defendant next complains of evidence that was wrongfully admitted. Plaintiff Garriott was asked the question, "Why did you buy these sheep?" The answer was, "Well, we bought the sheep to help pay off the mortgage on the farm." He later was asked, "It was your intention to buy sheep from time to time and build up your herd and raise other sheep from time to time and pay your indebtedness?" The answer was, "Yes, sir." Defendant objected to these questions on the ground that they were incompetent, irrelevant and immaterial. The questions were asked on redirect examination after the defendant had subjected the witness to a searching cross-examination calculated to establish the unreasonableness of the story of the witness that he owned the stock in question.

While there is some doubt as to the admissibility of this evidence had it been asked on direct examination, we can see no error in its admission in view of the wide range the cross-examination had taken. Furthermore, it does not appear that the evidence was prejudicial.

Complaint is made of the trial court's refusal to give an instruction on the significance to be attached to plaintiff's failure to call her husband as a witness.

We have examined the record and see no evidence that he could have thrown any light on the disputed facts of this lawsuit.

The judgment of the trial court is affirmed.