No. 31,241

Leroy Schooley, *Appellee,* v. W. S. Kerr, *Appellant.*

(33 P. 2d 140.)

Opinion filed June 9, 1934.

*Martin Aelmore,* of Hutchinson, for the appellant.
*C. O. McGill,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to recover damages for the wrongful conversion of property. Judgment was for plaintiff. Defendant appeals.

The defendant owned a store building in Hutchinson. Plaintiff was a funeral director. The personal property alleged to have been converted consisted of a hearse, some caskets, a lowering device and some other property used by plaintiff in his business. Plaintiff alleged that defendant wrongfully converted certain property to his own use in the amount of $2,135.25. Defendant alleged in his answer that plaintiff was his tenant in the building, and on July 2, 1930, abandoned the building, leaving certain fixtures and furniture in it. The answer further alleged that at the time of the abandonment plaintiff was indebted to defendant in the amount of $287.46 for rent, and that all the property except the hearse was subject to a lien for this rent. The answer further alleged that the property was subject to a tax lien in the amount of $106.39, which defendant had paid, and also a claim for storage on the hearse in the sum of $22.17. The answer further alleged that under an agreement with, or authorization by, plaintiff, authorizing defendant to sell all of such property, certain items were sold by defendant, being a part of the stock of caskets, and that defendant received therefor the sum of $350; that plaintiff is indebted to the defendant for rent on the building for the months of August, September, October and November, 1930, four months at $70 per month, or $280, and for storage on the balance remaining of such property, $265, making a total due defendant from the plaintiff of $611, after allowing a credit for the $350 received from the sale of certain personal property.

The trial court instructed the jury that the defendant was entitled to recover rents in the amount of $175, the amount of a judgment he had secured against plaintiff in Kingman county in the amount of $287.46 and reasonable storage charges on all property except the hearse, also for the amount of $106.39 that he had paid to release the tax lien on the property. There was no objection to the allowance of these particular amounts.

The jury returned a verdict for plaintiff in the amount of $603.77. Judgment was rendered accordingly. While several assignments of error are set out in the abstract of defendant the only one urged

here is that the verdict and judgment are contrary to the evidence and contrary to law.

As we have seen, the amounts claimed to be due defendant from the plaintiff were not disputed. The plaintiff had sued for the conversion of several articles. Much is said in the brief of defendant about the failure of plaintiff to make a demand and about the willingness of defendant to return the property if a demand had been made. The fact is, however, that defendant had put it beyond his power to return the hearse because he had taken it to his farm and made a truck out of it. He had put it out of his power to return the caskets and lowering device because he had sold them. Hence, a demand would have been unavailing and was not necessary before this action could be brought. (See *Piazzek v. George Harman,* 79 Kan. 855, 98 Pac. 771.) In view of these facts the only task of the jury was to ascertain the value of the hearse, the caskets and the lowering device, subtract the amount found to be due defendant from plaintiff and return a verdict for the remainder. Defendant argues that if the jury did this there was no evidence in the record by which it could reach the verdict it did reach. We cannot agree with this statement. There was conflicting evidence as to the value of all these items. The case comes within the rule that this court will not disturb the verdict of a jury where it is based on some evidence and will not weigh conflicting evidence. (*Hill v. Citizens Nat'l Bank,* 139 Kan. 19, 29 P. 2d 1075, and cases cited.)

Defendant calls our attention to the fact that since the judgment the plaintiff has died; that before his death plaintiff had attempted to assign the judgment, and that while the appeal was pending in this court defendant filed a motion for a revivor, which has not been passed on. This matter, however, can be given the proper attention by the trial court.

The order of this court is that the judgment of the trial court will be affirmed, and the trial court will make the proper disposition of the proceeds of this judgment. It is so ordered.